## Tate *against* Reynolds.

In an action of ejectment wherein the defendant sets up an outstanding lease by the plaintiff to a tenant as a defence, it is competent for the plaintiff to explain by parol evidence what land was embraced in the terms of the lease, or to show a parol surrender of the lease so far as it embraced the land in dispute, by the tenant before the action was brought.

SAMUEL TATE against George Reynolds and Thomas Ferguson. This was an action of ejectment brought to November Term 1842. The plaintiff having established his title, the defendant gave in evidence the two following leases: —

"Articles of agreement made this 29th day of December 1836, between Samuel Tate of the one part, and William H. Gillespie of the other part, Witnesseth, said Tate doth lease the tract called the Henry tract, for the term of four years, commencing the 1st of April 1837, and ending the 1st of April 1841, for the rent after following, &c. Said Gillespie is prohibited from cutting or selling any timber off said Tate's land, &c. Said Gillespie is to get all the timber for the repairs off said Tate's land, where said Tate may direct, &c. Said Gillespie is bound to pay all taxes during said lease. Said Gillespie is bound to give up quiet and peaceable possession of the premises in good order, and good lawful fences, at or before the 1st of April 1841," &c.

"Articles of agreement made and concluded this 30th day of March 1841, between Samuel Tate of the one part, and Carson Gillespie of the other part, Witnesseth, said Tate doth lease the

[Tate v. Reynolds.]

tract of land called the 'Henry tract' for the term of one year, commencing the 1st day of April 1841, and ending the 1st day of April 1842, for the rent hereafter following, &c. Said Gillespie is prohibited from selling or disposing of his lease in any manner, but to occupy it himself. Said Gillespie is bound to pay all the taxes during his lease," &c.

The plaintiff then offered to prove that it was not the whole tract which was leased, and that the part leased did not embrace the land in dispute. This was objected to on the ground that this could not be done by parol. But the court admitted the evidence and sealed a bill of exception.

The plaintiff's witness then testified as follows: "After the first article was made, Gillespie spoke and said he was paying taxes for the whole tract, and had only possession of part. Tate said he would be out next spring and give possession of the whole of it. There was an agreement made to place the fences according to the 'Findley survey,' and did not calculate to have any more." Another witness stated: "At the time, I told him I was paying taxes for the whole and had only possession to the south line. He did not come out till the spring of 1841. I never had any possession but up to the first line: it did not embrace the land in dispute. I never got possession further than the south line."

The defendants requested the court to charge the jury;

1. That by the terms of the lease the whole "Henry tract" is embraced; and the plaintiff having given general possession of the tract under the lease, the plaintiff cannot recover while the time stands out unexpired.

2. If Tate leased the land in 1836 by its terms embracing the land in dispute, and promised to be out the next spring and have a survey made, and deliver actual possession to that line, and in 1841 came out and surveyed the tract and land embracing the land in dispute, and the next day made a lease embracing in its terms the entire tract under which Carson Gillespie took possession, and there being no evidence to show this land was excepted, the plaintiff cannot recover.

In answer to which the court charged as follows:

To these points I answer, that if the testimony admitted shows that no possession was given further than the north line by the lease of 1836, and that in fact it was to this line the lease extended, and you believe the lease of 1841 was only a continuance, and, as the witness says, to lengthen out the term for a year, then it is a lease of the same territory as in the first lease, and this notwithstanding the circumstance in this case of a survey made the day before, and that the lease was for the "Henry tract" by name, without giving the boundaries. If it was lengthened out for a year, as the witness says, to enable the lessees to comply with the requirements of the former lease, it will only cover the land held by the former lease, without you find other and more

[Tate v. Reynolds.]

land was included.    If it was merely the land included in the first lease, and if that did not go south of the first line, then the possession under the last lease is the same as under the prior one.    All the Henry tract would be included by the terms in the lease, without the explanation of the witness.    Does he satisfy you that the land embraced in the last lease is the same as the former, and that the former did not cover the land in dispute ?    If you should think that the testimony is not to be relied on, or does not show that the land in dispute was not included in the lease spoken of, the plaintiff cannot recover; because if his lease covers it, he is not entitled to the possession of it when he brought suit; and if this is so, your verdict should be for defendants.

2. To this point I say to you, if the whole tract was leased and possession taken of it all, the law is as stated.    The question is as to whether this was so or not from the testimony given : it is for you.

*Stewart,* for the plaintiff in error, cited 1 *Whart* 314; 5 *Serg. & Rawle* 421, 107 ; 3 *Stark. Ev.* 1067, 1051.

*Maxwell* and *Holstein,* contra, cited 2 *Serg. & Rawle* 84; 4 *Rawle* 130 ; 3 *Bin.* 587.

The opinion of the Court was delivered by

KENNEDY, J.—If the testimony given by the two Gillespies and objected to by the counsel of the defendants below was properly admitted by the court, the plaintiffs here have no ground to complain.  The testimony was not received for the purpose of showing that the lease from Tate to Carson Gillespie was different from or contradicted that which was reduced to writing between them. The lease was but for the term of one year, and the testimony was admitted to show the extent of the possession taken under it. But admitting that, as reduced to writing, it included the whole of the Henry tract of land, the parol evidence objected to only went to show that the parties by their conduct subsequently and a verbal understanding between them, modified the occupation under the lease so as to exclude that part of the Henry tract in dispute, and for the reason too that the defendants had tortiously taken possession of it, and would not give it up until forced to do so by legal process.  As the lease was only for a year, it was competent for the lessees to make a verbal surrender of it at any time during its continuance, or to surrender a part thereof, and hold the residue by the consent of the lessor, or they might have made a verbal assignment of it to a third person, without interfering with the Act of Assembly against frauds and perjuries, which requires it to be in writing only where the interest intended to be passed or transferred in lands exceeds the term of three years.   I concur entirely with what is said by the Chief Justice on this point in

[Tate v. Reynolds.]

*M'Kinney* v. *Reader* (7 *Watts*, 123–4). The testimony of the Gillespies shows that they gave up all interest which they might have claimed in the land in question under their lease as reduced to writing, could they have got the possession of it. The lessor, the plaintiff below, it seems was willing that they should have had the possession of the whole tract, and would have delivered it, but was prevented by the plaintiffs in error, who had wrongfully taken the possession of the part sued for in this action, and refused to give it up. Hence the plaintiff below, in order to possess himself of his right, was compelled to sue them. They having thus prevented the lease, so far as it may have embraced the land in dispute, from being carried into effect, so as to vest in the lessees the right and interest intended, are the last in the world that ought to be permitted to set it up as an outstanding title against the plaintiff below, in order to defeat his recovery of land that otherwise he is justly entitled to. It would in fact be permitting them to take advantage of their own wrong. But the evidence objected to showed that the lessees did not claim to hold, at any time, the land in dispute under the lease which they had taken, as the defendants held the possession of it and would not give it up. Any interest which the lessees might have claimed under the lease, being only for one year, was such as they could give up to their lessor verbally, notwithstanding the lease was in writing, and under the seals of the parties; and having done so, the plaintiffs in error could not claim to defeat the recovery of the defendant in error by means of it as an outstanding title.

Judgment reversed, and a *venire de novo* awarded.